IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL LEWIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIN VIEW HOSPITAL, LLC d/b/a MOUNTAIN VIEW HOSPITAL,<br><br>    Defendant. | Case No. 3:24-cv-00175<br><br>Class Action<br><br>Jury Demand |

### ORDER AS MODIFIED BY THE COURT GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT AND FOR PLAINTIFF'S ATTORNEYS' FEES AND INCENTIVE AWARD

Before the Court is Plaintiff April Lewis' ("Plaintiff") Unopposed Motion for Final Approval of the Class Action Settlement, and Memorandum in support. Also before the Court is Plaintiff's Motion for Attorneys' Fees and Incentive Award.

Having reviewed and considered the Settlement Agreement, the Unopposed Motion for Final Approval of Class Action Settlement, Plaintiff's Supplemental Motion in Support, and all supporting papers, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class, for settlement purposes only.

**IT IS ORDERED** that:

1. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

2. The Court, for the purposes of this Final Order and Judgment, adopts the defined terms as forth in the Settlement Agreement for any term not otherwise defined herein.

3. On September 25, 2024, the Court entered an order, which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a Settlement Class in this matter for settlement purposes only, including defining the Settlement Class, appointed Plaintiff as the Class Representative, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing.

4. In the Order Granting Preliminary Approval of Class Action Settlement, pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons in the United States who were sent notice that their Private Information was potentially impacted as a result of the Data Incident that occurred in May 2023 and was discovered by Mountain View on or around May 29, 2023.

5. Excluded from the Settlement Class are: (1) Mountain View Hospital, LLC and Idaho Falls Community Hospital and their officers and directors; (2) all Persons who submit a timely and valid request for exclusion from the Settlement Class; (3) the Court; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing,

2

Case 3:24-cv-00175    Document 37    Filed 05/27/25    Page 2 of 9 PageID #: 530

aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23, and that the notice program afforded appropriate due process, with a reach of 93.6%.

7. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby finally approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

8. Notice of the Final Approval Hearing and the Plaintiff's Motion for Attorneys' Fees and Incentive Award have been provided to Settlement Class Members as directed by this Court's Orders, and a declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

9. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2). The Court finds that the notice program was reasonably calculated to, and did, provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their rights to object to and appear at the Final Approval Hearing or to exclude themselves from the Settlement,

and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

10. The Court readopts and incorporates by reference its preliminary conclusions as to the satisfaction of the Federal Rules of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order. The Court notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class in the Settlement Agreement.

11. As of the final date of the Opt-Out Deadline, 29 Settlement Class Member have submitted timely and valid requests for exclusion from the Settlement Class, attached hereto as Exhibit A. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12. No valid objections were filed by Settlement Class Members.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. Pursuant to the Settlement Agreement, Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator shall implement the Settlement in the manner and time frame as set forth therein. Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members are deemed to have completely and unconditionally released, forever discharged, and acquitted the Released Parties from all Released Claims, including Unknown Claims, as set forth and defined in the Settlement Agreement. Plaintiff and Settlement Class Members are further

4

barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims. The full terms of the Releases described herein are set forth fully in Paragraphs 36–38, 47, 94–97 of the Settlement Agreement, and the Releases are hereby approved and incorporated by reference.

15. Released Claims shall not include the right of any Settlement Class Member or the Released Parties to enforce the terms of the Settlement contained in the Settlement Agreement and shall not include the claims of those persons identified in Attachment 6 to the Declaration of Cameron Azari—filed as an exhibit to Plaintiff's Motion for Final Approval—who have timely and validly requested exclusion from the Settlement Class.

16. Upon the Effective Date, each Settlement Class Member who did not timely and validly excluded himself or herself from the Settlement, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member who has not timely and validly excluded himself or herself from the Settlement, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

17. Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Settlement Class Members, and Settlement Class Counsel of all claims based on or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action

or the Released Claims, except for enforcement of the Settlement Agreement and except as to Settlement Class Members who submitted a timely and valid Request for Exclusion from the Settlement.

18. The Court affirms its appointment of Plaintiff April Lewis as Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

19. Pursuant to the Settlement Agreement, the Court approves a $2,000 Incentive Award to the Class Representative. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

20. The Court affirms its appointment of J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Settlement Class Counsel.

21. The Court, after review of the Plaintiff's Motion for Attorneys' Fees and Incentive Award and Supplemental Motion in Support filed by Settlement Class Counsel, finds that Settlement Class Counsel's request for fees of $1,452,000, inclusive of costs and expenses are reasonable under the percentage of the benefit method. The hourly rates under the lodestar method are not approved. The Court hereby grants Settlement Class Counsel's request for attorneys' fees and costs in the amount of $1,452,000. Defendant shall make such payment pursuant to the terms of the Settlement Agreement.

22. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Final Order and

6

Case 3:24-cv-00175   Document 37   Filed 05/27/25   Page 6 of 9 PageID #: 534

Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or be deemed admissible as an admission by Defendant that Plaintiff's claims or any claims that were or could have been asserted in the Action are suitable for class treatment or any other litigation purpose. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

23. If the Effective Date does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with

the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

24. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

25. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter.

26. **Final Judgment and Dismissal.** Pursuant to the terms of the Settlement, it is hereby ORDERED AND ADJUDGED that this Action is hereby dismissed **with prejudice** on the merits, with each side to bear its own costs and attorneys' fees, except as provided under the terms of the Settlement. This is the FINAL JUDGMENT of the Court in this Action.

**IT IS SO ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted for entry by,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR 23045)
Grayson Wells (BPR 039658)
Andrew E. Mize (*Pro Hac Vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
amize@stranchlaw.com

Lynn A. Toops
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
ltoops@cohenandmalad.com

Samuel J. Strauss
Raina Borrelli
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
(872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiff and the Putative Class*